*PEMBERTON vs. GRASS & AL.*

A judgment not against defendants jointly and severally, is a several judgment.

APPEAL from the court of the third district, the judge of the eighth presiding.

By a written instrument, dated in 1815, L. V. Folkiel acknowledged to have received of the plaintiff, district paymaster, one thousand dollars, for which he was accountable. Folkiel died in 1816, leaving Rosalie, his wife, sole heir and legatee of his succession. She died in 1817, and the defendants, as nearest of kin, inherited her estate. This action was brought to recover the sum acknowledged to have been received of the plaintiff by Folkiel.

The answer alleged that, subsequent to the date of the acknowledgment, a settlement took

Eastern District.
*March,* 1830.

PEMBERTON
*vs.*
GRASS & AL.

place between the parties, when a balance of eighteen hundred dollars was found to be due by the plaintiff to Folkiel, which the defendants claimed in reconvention. Nicholson, a witness for the defendants, deposed that in May or June, 1816, Folkiel handed to him an account against the plaintiff for $1800, which witness presented to the plaintiff for payment, who observed that he would call on deponent for the purpose of effecting a settlement—that he never did call on deponent, but retained in his possession the account which witness presented to him. It was admitted on the trial that the estate of Rosalie Grass, widow of Folkiel, left sufficient property to pay the debt in question, which came into the possession of the defendants.

There was judgment for the plaintiff, and the defendants appealed

*Duncan,* for the appellants, made the following points;

1st.—The plaintiff had no right to sue, being insolvent, at the time the action was instituted.

2d.—The judgment should have been against the defendants, *severally,* and not as is decreed, *jointly.*

MARTIN, J. delivered the opinion of the court. The defendants are sued as the heirs of Rosalie Folkiel, heir of Louis Folkiel, on an acknowledgment of the latter that he was accountable to the plaintiff for the sum of one thousand dollars. They pleaded the general issue, and that since the date of the acknowledgment, a settlement of accounts took place between the plaintiff and L. Folkiel, by which a balance of one thousand eight hundred dollars was found due by the plaintiff to the latter. The defendants claimed the said sum by reconvention.

The plaintiff had judgment for one thousand dollars, with legal interest since the inception of the suit. The defendants appealed.

Their counsel has assigned as error on the face of the record,

1. That the plaintiff made a cession of his goods, and therefore cannot sue.

2. There is no evidence of the defendant's acceptance of Rosalie Folkiel's succession, nor of her of Louis Folkiel's.

3. Louis Folkiel bound himself to account to the plaintiff not in his, the plain-

Eastern District.
*March* 1830.

PEMBERTON
*vs.*
GRASS & AL.

Eastern District.
*March*, 1830.

PEMBERTON
*vs.*
GRASS & AL.

tiff's, capacity, but as paymaster of the United States.

4. The judgment ought to have been against the defendants *severally,* and not jointly.

I. The first assignment is not grounded on any thing alleged, or proven on the record.

II. The defendants are sued as immediate heirs of L. Folkiel. Their plea does not deny their capacity of being sued as such, and they themselves, by reconvention, claim from the plaintiff a sum which can no otherwise be due to them, but as heirs of L. Folkiel.

III. It is true the plaintiff has the addition of paymaster of the United States given to him in L. Folkiel's acknowledgment, on which the suit is brought; but this appears to us a mere description of his person, and Folkiel does not appear to have sustained any official character which might induce a proof of presumption that the acknowledgment was an official one.

A judgment against defendants not jointly and severally, is a several judgment.

IV. The judgment is not against the defendants jointly and severally, it is therefore a *several* judgment.

Eastern District.
*March,* 1830.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.